IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BOOGINHEAD LLC | § |
| Plaintiff, | § § § CIVIL ACTION NO.   2:17-CV-0669 |
| v. | § JURY TRIAL DEMANDED |
| CHEEKY CHOMPERS LTD., | § § |
| Defendant. | § |

## CONSENT JUDGMENT AND OTHERWISE ORDER OF DISMISSAL WITHOUT PREJUDICE

In consideration of the Parties' Joint Motion For Entry Of Consent Judgment And Otherwise Dismissal Without Prejudice

**IT IS ORDERED, ADJUDGED, and DECREED** that:

1. Plaintiff/Counterclaim Defendant BooginHead, LLC. ("BooginHead") is a Washington limited liability company with its principal place of business located at 165 Front Street North, Issaquah, WA 98027. Defendant/Counterlcaim Plaintiff Cheeky Chompers, Ltd. ("Cheeky Chompers") is a foreign company incorporated under the United Kingdom's Companies Acts (registered no. SC430217) and having its registered office at 2 Pentland Gardens, Edinburgh, Midlothian, EH10 6NW with its principal place of business located at Midlothian innovation Centre, Pentlandfield near Roslin, Edinburgh EH25 9RE.  This Court has jurisdiction over the Parties and jurisdiction over the subject matter of this lawsuit.

2. On or about March 7, 2017 the United States Patent and Trademark Office issued design patent Number D780,400, entitled "Neckerchief" to inventors and applicants Amy Livingstone and Julie Wilson (the " '400 Patent" ).

3.   Cheeky Chompers is the sole owner of the '400 Patent and has standing to assert the claims that it has asserted in this matter and to defend the claims that have been asserted against it in this matter.

4.   The '400 Patent was duly and validly issued and is valid and enforceable.

5.   Subject first to any right to arbitration amongst the Parties where such right is not waived, this Court retains jurisdiction to enable any of the Parties to this Consent Judgment to apply to this Court at any time for such further orders or directions as may be necessary or appropriate for the construction or implementation of this Consent Judgment, for the enforcement of any of its provisions, or for the punishment of any violation thereof.

6.   No allegation, argument, amendment, declaration, or other statement made, or hereafter made, by, on behalf of, or at the request of Cheeky Chompers in any oath, declaration, correspondence, pleading, re-examination, review, reissue, amendment, correction, remarks or other instrument or document filed with the U.S. Patent and Trademark Office (including, without limitation, the Patent Trial and Appeal Board) for or in connection with the '400 Patent shall modify, rescind, dissolve, terminate, or nullify, or serve as any basis or grounds whatsoever to modify, rescind, dissolve, terminate, or nullify, all or any part of this Consent Judgment or the Settlement and License Agreement between the Parties.

7.   BooginHead has waived any and all rights to appeal from or otherwise contest this Consent Judgment.

8.   Except as ordered and adjudged in the above paragraphs of this consent judgment, all claims and counterclaims asserted, or which could have been asserted, by BooginHead against Cheeky Chompers in the instant litigation are dismissed without prejudice. All claims and counterclaims asserted, or which could have been asserted, by Cheeky Chompers against

BooginHead in the instant litigation are dismissed without prejudice. For the avoidance of doubt, nothing in this Paragraph 8 waives, releases, forgives, acquits, or otherwise discharges any Party's rights or claims under, or arising under, the Settlement and License Agreement entered into between the Parties.

9. Each of the Parties shall bear their own respective costs and attorneys' fees which have been incurred in the instant litigation through the date hereof as well as in having this consent judgment issued.

____Seattle____, Washington, this __8__ day of __Nov__, 2017.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
Magistrate